# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**DEXTER WILLIAMS**                                             **PETITIONER**

**V.**                                          **NO. 4:08CV144-SA-DAS**

**ATTORNEY GENERAL JIM HOOD**                          **RESPONDENT**

## MEMORANDUM OPINION

This cause comes before the court on the petition of Dexter Williams for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondent's motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

On April 18, 2003, Williams was convicted of capital murder. Williams was sentenced to life imprisonment without parole. On August 22, 2006, the Mississippi Court of Appeals affirmed Williams' conviction and sentence. *See Williams v. State*, 937 So.2d 35 (Miss. App. 2006). Following the denial of his appeal, Williams admittedly failed to file a motion for rehearing or seek discretionary review in the Mississippi Supreme Court. *See* M.R.A.P. 17(b) and 40(a).

*B. Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Under Mississippi law, a defendant is allowed fourteen days after a decision is rendered to file a motion for rehearing. M.R.A.P. 40(a). Since Williams failed to pursue a motion for rehearing, the appeals process was stopped. *See Duplantis v. Booker*, 273 F.3d 392, 2001 WL 1013067 at **1-3 (5th Cir. 2001); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Thus, Williams' judgment became final fourteen days after the Court of Appeals affirmed his conviction. The Court of Appeals decision was dated August 22, 2006. In the absence of any further review, Williams' sentence and conviction became final on September 5, 2006, the date on which his time for seeking further review in state court expired.

Williams, therefore, had one-year or until September 5, 2007, to seek federal review of his judgment or "properly file" an application for post-conviction relief in state court to toll the limitations period. 28 U.S.C. § 2244(d)(2). Williams did file a petition for post-conviction relief in the Mississippi Supreme Court on August 3, 2007. The petition was denied on September 11, 2007. A properly filed application for post-conviction relief will toll the AEDPA's one-year statute of limitation. *Id.* The period is tolled for the length of time the motion is pending. *Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008). Williams' motion was pending for 39 days.

To be timely, Williams' federal habeas petition must have been filed by October 14, 2007. Williams, however, did not file this petition until September 11, 2008, when he delivered it to prison

officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners). His petition was, thus, filed 333 days beyond the expiration of the one-year limitations period.

The petition is untimely unless Petitioner can demonstrate that the one-year limitations period should be tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513-514 (5th Cir. 1999). This court has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991).

Williams offers no argument or explanation regarding the tardiness of his petition. Accordingly, Williams has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath new life into his habeas claims. Consequently, the petition must be dismissed with prejudice

An order in accordance with this opinion will be entered.

THIS the 13th day of April, 2009.

                                                 **/s/ Sharion Aycock**
                                                 **U. S. DISTRICT COURT JUDGE**